OVERTON, J.
 

 Plaintiff is engaged in conducting a general detective agency, to carry on and direct investigations, conduct searches, discover evidence, examine into causes to ascertain underlying facts connected with complex prob
 
 *5
 
 lems, and to do all things incidental and necessary thereto. Defendant, at one time, owned and conducted a corporation, known as Forrest C. Pendleton, Inc., which was engaged in the same kind of business as was plaintiff, and which, through the name and influence of defendant, enjoyed a large and profitable business in New Orleans and throughout the state.
 

 Plaintiff acquired all of the stock in Forrest O. Pendleton, Inc., and thereby became the sole owner of the corporation. Plaintiff then, under an arrangement not appearing, employed defendant to work for it, his territory covering New York City, Boston, New Orleans, and the entire state of Louisiana: This contract was supplanted on March 14, 1929, by one in writing, by which plaintiff engaged the services of defendant, and agreed to pay him a salary of $675 a month, which was an increase over the' salary he had been receiving. This contract contained the following provision:
 

 “It is also agreed and understood that F. C. Pendleton will not enter into a similar or competitive line of business in the territory now covered by him for the Railway Audit & Inspection Company, Inc., for a period of two years after leaving the employ of this company if, at any time, his services with this company are severed for any reason whatever.”
 

 On March 23, 1931, although plaintiff had, in every respect, carried out its obligations under its contract, defendant severed his connections with plaintiff, and accepted employment as general manager of the National Corporation Service, Inc., in May, 1931, with offices in the same building in which plaintiff has its offices; this corporation doing the same character of business as that done by plaintiff. About the same time defendant broadcast, throughout, the city of New Orleans, cards announcing his employment as general manager of the National Corporation Service, Inc., and the severance of his connection with Forrest C. Pendleton, Inc., of which plaintiff had become the owner.
 

 By reason of these acts, plaintiff urges thaf defendant has violated, and is continuing to violate, his contract with it, and seeks to enjoin him from doing so.
 

 Defendant excepted to plaintiff’s demand on the ground that it presents no cause of action. This exception was sustained and plaintiff’s suit dismissed.
 

 One of the grounds on which the exception rests is that, by accepting the employment of general manager of the National Corporation Service. Inc., defendant did not enter into a similar or competitive line of business with that of plaintiff, but merely accepted employ^ ment by a corporation engaged, as disclosed by plaintiff’s petition, in a similar business and in competition with plaintiff.
 

 Contracts such as the present should be strictly construed, since they have a tendency, at best, to interfere with one In earning a livelihood, even when they d’0‘ not exceed legal bounds. There is a difference between entering into a line of business similar to another and in competition with it and accepting employment from a person or cox-poration conducting such business; Viewing the contract strictly, it does not prohibit plaintiff from accepting employment in- a competing business as general manager, and therefore plaintiff has not the right to- complain
 
 *7
 
 of defendant’s act. May v. Johnson, 13 La. App. 521, 128 So. 540.
 

 We think the ease might be shown to fall also within the doctrine of Blanchard v. Haber, 166 La. 1014, 118 So. 117, had. it been fouhd, which it was not, that the act of defendant fell within the prohibition of the contract, but it is unnecessary, since the case has been decided on the theory last mentioned, to 'consider it as if the act did fall within the prohibition. ■
 

 Eor these reasons, the judgment is affirmed.