B.J. Johnson, one of the defendants herein, for several years prior to 1929 had operated a restaurant in the Village of Greenwood, Louisiana, under the name of The Little Inn. After The Little Inn had been destroyed by fire Johnson sold the lots upon which it had been located to E.R. and T.S. Simmons. The deed is dated January 21, 1929. On the same date a contract was executed between Johnson and plaintiffs which, after reciting the sale, provides:
"Now, therefore, all parties hereto declare that it was the intention of the party of the first part to sell along with said property, and the intention of parties of the second part to purchase all of the good will that might arise out of the former operation of the said Little Inn, in Greenwood, Caddo Parish, Louisiana.
"It is understood and agreed and party of the first part binds and obligates himself not to enter into competition with parties of the second part in the Town of Greenwood, or within a radius of one mile of the center of said Village. Any violation of this contract, directly or indirectly, on the party of party of the first part during the term of ten years from date hereof shall render him liable to parties of *Page 711 
the second part, as liquidated damages, in the sum of $500.00 for such violation.
"It is understood and agreed that this contract shall be in full force and effect for the period of time mentioned hereinabove except in the event parties of the second part shall sell said property to third parties.
"It is understood and agreed that the terms and conditions of this contract shall in no way effect the right of party of the first part to conduct a negro restaurant, or to go into the general mercantile business, or in any other business except such as would compete with the restaurant business of parties of the second part."
Plaintiffs erected the building and engaged in the restaurant business therein. In July, 1933, Johnson sold to Clarence E. Swanson, the other defendant herein, two lots of ground situated on Highway No. 80 and the Shreveport-Bethany Highway, together with a building which Johnson had erected thereon to be used by Swanson as a restaurant and is operated by him under the name of the New Greenwood Cafe. The location is about three blocks' distance from The Little Inn and is in the Village of Greenwood. The consideration as recited in the deed was $8,000, $1,000 of which is cash and one note for $7,000, secured by a mortgage and vendor's lien. The $1,000 cash recital is shown to have been made up of $100 paid in cash and $900 for services rendered by Swanson in helping to build the building. He prepared the plans for same and worked regularly as a carpenter in erecting it. Swanson is a brother-in-law of Johnson.
On October 26, 1933, soon after Swanson opened his restaurant for business, plaintiffs filed the present suit seeking injunctive relief and damages. Only B.J. Johnson was made defendant and plaintiffs alleged that he erected the restaurant building and was operating it for white persons within the radius prohibited by contract; that it is a competitive business and directly and indirectly impairs and injures plaintiffs' business and interferes with and damages the use of petitioners' property purchased from defendant and the value of the business operated by plaintiffs and in violation of the contract executed at the same time as the deed from defendant to them.
Plaintiffs alleged they are entitled to an injunction restraining defendant from further violating his contract by the operation of said competitive business. They further alleged defendant attempted to make a simulated transfer of title to the property on which he had erected said restaurant building but that he is still the owner and operator of said business and the property on which it is situated. In the alternative, they alleged:
"XIV. And, now, pleading in the alternative, and solely in the alternative, petitioners show that if the Court should find that the transfer of defendant's title was a sale, then that prior to said sale defendant originated, proposed and planned to persuade a kinsman of defendant to go into a competitive business with petitioners in the Town of Greenwood; that defendant furnished the money to construct the building for said business, constructed the building and thereafter financed and persuaded said third person to operate said competitive business; and that such acts constitute a violation of the contract between petitioners and defendant.
"XV. Petitioners further show that they have sustained and will continue to sustain damages in the sum of $5.00 per day for each day beginning July 10, 1933, and continuing so long as defendant engages in said competitive business; that such actual damage is suffered by reason of loss of business which goes to the competitive business of defendant; and that they are entitled to recover such damages in addition to the restraint of defendant from further violation of his contract.
"XVI. Further pleading in the alternative, petitioners show that if for any reason of law or fact the Court should determine that petitioners are not entitled to the relief claimed hereinabove, then petitioners show that the defendant has diverted and is diverting the trade of petitioner's business; that it has reduced the value of petitioner's investment and impaired petitioner's profits; and that under the contract hereinbefore entered into by defendant and petitioner, petitioners are entitled to damages in the sum of $500.00 for each violation of the contract by defendant.
"XVII. Petitioners further show that each day's operation of the competitive business by defendant and on defendant's premises, or through a party interposed and persuaded by defendant, constitutes a separate breach of the contract, for which damages should be allowed in the sum of $500.00 per day.
"Wherefore, premises considered, petitioners pray for service and citation hereof *Page 712 
upon the said B.J. Johnson and that after due delays and due proceedings had, there be judgment in favor of petitioners, E.R. Simmons and T.L. Simmons, and against the defendant, B.J. Johnson, ordering the said B.J. Johnson to cease the operation of said restaurant business for white persons within the Town of Greenwood and within a radius of one mile of the center of said Town; and ordering the proper officers of this Court to restrain the further operation of said competitive business by said B.J. Johnson; and restraining and enjoining the said defendant from further operation of said restaurant business.
"Petitioners further pray that there be judgment herein in their favor and against the defendant, B.J. Johnson, in the full sum of $5.00 per day for damages, beginning July 10, 1933, and until the final judgment herein.
"Petitioners further pray that a rule do issue herein directed to the said B.J. Johnson, ordering him to show cause within ten days why a preliminary writ of injunction should not issue herein restraining and enjoining him from proceeding any further in the operation of said restaurant business in the Town of Greenwood, within a radius of one mile of the center of said Town.
"In the alternative, petitioners pray for judgment in the sum of $500.00 for each violation of defendant's contract, beginning July 10, 1933."
On November 2, 1933, defendant Johnson answered denying the principal allegations of the petition as to the violation of the contract and on November 21, 1933, plaintiffs filed a supplemental and amended petition in which they made Clarence E. Swanson a party defendant. On December 12, 1933 Swanson answered denying the material allegations of plaintiffs' petition. No other action was taken in the case until June 4, 1936, when the case was tried on its merits. On July 6, 1937 the case on its merits was submitted on briefs to be filed. No further action was taken then until March 8, 1941, when plaintiffs filed a motion to reopen the case, which motion was granted and the trial resumed on April 15, 1941. On May 28th following there was judgment rejecting the demands of plaintiffs and on May 20, 1942, a devolutive appeal was perfected by them to this court.
The contention of plaintiffs when the suit was filed that Johnson was the real owner of the property known as The Greenwood Cafe and that Swanson was only a party interposed has apparently passed from the case. The record shows conclusively that the sale from Johnson to Swanson was a bona fide sale. All the credit price set forth in said deed has been paid by Swanson to Johnson and Swanson is the sole owner of The Greenwood Cafe and the lots on which it is located.
The alternative allegation that Johnson persuaded Swanson to enter the restaurant business in competition with plaintiffs is also disproved by the testimony. The uncontradicted testimony is that the idea was Swanson's and that Johnson was not eager to accept Swanson's proposal although he did accept it. There is no testimony that Johnson persuaded Swanson to go in the restaurant business. There is some testimony that Johnson suggested the matter to others, but this is denied by him.
The only remaining question is, Did Johnson, by erecting a restaurant building on the lots for Swanson at his request and then selling the property to Swanson, constitute competition by Johnson with plaintiffs, either directly or indirectly?
Such contracts as plaintiffs are suing on are to be construed strictly. Railway Audit Inspection Co., Inc., v. Pendleton,175 La. 4, 142 So. 781.
The contract between Johnson and the plaintiffs provides that Johnson obligate himself not to enter into competition with plaintiffs in the Village of Greenwood or within a radius of one mile of the center of said Village and that any violation of the contract, directly or indirectly, would render him liable to plaintiffs for the liquidated damages fixed by the contract. It is clear from the wording of the contract that Johnson obligated himself only not to enter into competition with plaintiffs.
"Competition", as defined by Webster, is the act of seeking or endeavoring to gain what another is endeavoring to gain at the same time; common strife for the same object; strife for superiority, etc.
The only way Johnson could have been a competitor of plaintiffs would have been for Johnson to have some interest in the restaurant business owned and operated by Swanson. He did not try to obtain for himself any of the business plaintiffs were trying to get for themselves. He did not share in the operation of Swanson's business or its profits and he did not attempt to *Page 713 
take any business of plaintiffs for himself or for Swanson.
Plaintiffs attempted to show that Johnson advised and trained Swanson in the manner of operating a restaurant and loaned trained employees to him to get him started. We do not think the evidence shows this to be a fact but if it did we fail to see where it could affect a decision in this case.
Johnson had the opportunity to sell some vacant lots in the Village of Greenwood for an excellent price if he would grant Swanson's request and erect for him a restaurant building thereon. He took advantage of the opportunity presented and in doing so we are of the opinion he did not violate his contract with plaintiffs not to become a competitor either directly or indirectly.
We have carefully read the many decisions cited by counsel for appellants and do not think they are applicable to the facts of this case.
We are convinced the judgment of the lower court is correct and it is affirmed with costs.