BOLIN, Judge.
Herbert P. Thomas sought an injunction prohibiting defendant, James O. McCrery, Jr., from practicing optometry in Sabine and Vernon Parishes, Louisiana, and a rule to show cause issued. Exception of no right of action was sustained, the rule to show cause was recalled and from dismissal of his suit plaintiff has appealed.
The facts developed on the trial of the exception are not in controversy.
On February 12, 1960, defendant, a practicing optometrist in Sabine and Vernon Parishes, sold his optometry business to Roger F. Shaw, Jr., also an optometrist. The sale was made pursuant to a buy and sell agreement which stated that the thing being .conveyed to' Roger F. Shaw, Jr. was all of the optometry equipment, supplies, office furniture, records and good will of the James O'. McCrery, Jr. optometry business in Sabine and Vernon Parishes. Part of the agreement reads as follows:
“As an incident to this agreement, James O. McCrery, Jr., agrees not to compete for the optometry business in Vernon and Sabine Parishes for five (5) years, in opposition to- Roger F. Shaw, Jr.”
In April of 1960, Roger Shaw sold this same business, acquired from the defendant, to Herbert P. Thomas, an optometrist. In this latter agreement, Roger F. Shaw, Jr. agreed not to operate an optometry business in Vernon or Sabine Parishes for a period of five years but made no specific mention of the agreement of McCrery not to compete in opposition to Shaw.
In February of 1962, defendant re-entered the optometry business in Vernon and Sabine Parishes. This suit followed. The sole issue presented here for determination is the right of plaintiff, Thomas to enjoin the violation of a restrictive covenant in a contract to which he was not a party.
The plaintiff contends that the defendant’s obligation not tO' compete against Shaw was a heritable obligation and one which he, as Shaw’s vendee and assignee, could enforce against him.
Pertinent to the decision of this case and cited in support of appellant’s position are Louisiana Civil Code Articles 1999 and 1997, and the case of Bogart v. Caldwell (La.App. 2 Cir., 1953) 66 So.2d 629 at 632. Examination of other cited authorities convinces us they are unnecessary for the decision of this case.
LSA-C.C. Art. 1999 provides:
“Every obligation shall be deemed to be heritable as to both parties, unless the contrary be specially expressed, or necessarily implied from the nature of the contract.” (Emphasis supplied.)
Appellant contends that McCrery’s agreement not to compete in opposition to Shaw is presumed to be heritable under the above article as interpreted by this court in Bogart v. Caldwell, supra, where the contract under consideration provided:
“ ‘The parties hereto agree that the agreement contained herein with reference to the operation or non-opera *469 tion of a picture show in the Union Theater building by the vendor herein, shall be binding for so long as this vendee owns the property herein conveyed to him, but shall terminate in the event said vendee sells the property.’ ”
The court there considered the nature of the agreement, whether personal or not, and concluded:
“Manifestly, the obligation not to operate a competitive picture theater can by no stretching of the imagination be said to exist for the personal gratification of the obligee and it is productive of financial benefit to the heirs of the obligee. It is not the sort of personal obligation that ends with the death of the obligee. It is a heritable obligation the right to which is enforceable by the heirs of the obligee.”
However, in the case at bar by the very language of the agreement the obligation not to do is limited to one person, i. e. “agrees not to compete * * * in opposition to Roger F. Shaw, Jr.” These quoted words specially express an intention that the covenant is for the benefit of the named obligee only. The words of limitation are clear and unambiguous and require no resort to the presumption of LSA-C.C. Article 1999, but on the contrary render the agreement personal as to Shaw and thus not heritable nor assignable.
Our courts have held that contracts which impose restrictions on the right of a party to engage in a business or occupation are to be strictly construed in favor of the interest of the covenanter, since such contracts have a tendency, at best, to interfere with one in earning a livelihood, even though they do not exceed legal bounds. Railway Audit & Inspection Co., Inc. v. Pendleton, 175 La. 4, 142 So. 781 (1932); Simmons v. Johnson (La.App. 2 Cir., 1942) 11 So.2d 710; and S. & R. Gas Company v. Stephens (La.App. 2 Cir., 1956) 90 So.2d 487.
The obligation being personal, under the provisions of LSA-C.C. Art. 1997 none but the obligee can enforce the performance and the judgment recalling the rule and dismissing plaintiff’s suit is affirmed at appellant’s cost.
Affirmed.