413 So.2d 999 (1982)
Ronald JEANSONNE and Rita Jeansonne
v.
Abdel Aziz Yousif EL HINDY, James Fontenelle and Deluxe Bell Supermarket, Inc.
No. 12805.
Court of Appeal of Louisiana, Fourth Circuit.
April 21, 1982.
Anthony M. DiLeo, Judy Y. Barrasso, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for plaintiffs-appellees.
Romualdo Gonzalez, Murray, Marray, Ellis, Braden & Landry, New Orleans, for defendant-appellee.
Clyde P. Martin, Jr., New Orleans, for defendants-appellants.
Before BARRY, AUGUSTINE and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a declaratory judgment of the trial court finding that a non-competition agreement between the plaintiffs, Ronald and Rita Jeansonne, and defendant Abdel Aziz Yousif El Hindy, was personal and was not transferrable to a third party.
On April 4, 1978, the Jeansonnes entered into an agreement to sell Deluxe Bell Supermarket, Inc. ["Deluxe Bell"], which they owned and operated, to El Hindy. El Hindy purchased all of the outstanding shares of Deluxe Bell on April 10, 1978. At the closing, the Jeansonnes and El Hindy entered into an agreement whereby the Jeansonnes agreed not to compete with El Hindy within a one mile area of Deluxe Bell. *1000 The agreement was executed as an Amendment to the Act of Sale. On January 12, 1980, El Hindy conveyed his interest in Deluxe Bell to Mr. and Mrs. James Fontenelle. The act of sale between El Hindy and the Fontenelles does not mention the non-competition agreement between El Hindy and the Jeansonnes.
After El Hindy sold the outstanding shares in Deluxe Bell to the Fontenelles, the Jeansonnes signed an agreement to purchase a grocery store within the one mile radius of Deluxe Bell. The Jeansonnes received a letter from the attorney for the Fontenelles that informed them that legal action would be taken against them should they commence this business. Because they were obligated to purchase the store, the plaintiffs went forward with their plans and on the following day filed a petition for a declaratory judgment against the Fontenelles and El Hindy, seeking to have the non-competition agreement declared null and void. The Fontenelles answered, asserting the validity of the non-competition agreement and filed a reconventional demand seeking injunctive relief and damages. The Fontenelles also filed a third party demand against El Hindy seeking recission of the sale of Deluxe Bell.
The trial court ruled that the non-competition agreement was personal and non-transferrable. The trial court also dismissed the reconventional and third party demands filed by the Fontenelles. We agree with the decision of the court below.
Our decision is made in view of the strict interpretation that we have been mandated to give to non-competition agreements because of their nature. Such agreements are to be strictly construed in favor of freedom of competition. E.g. Railway Audit & Inspection Co. v. Pendleton, 175 La. 4, 142 So. 781 (1932).
In Thomas v. McCrery, 147 So.2d 467 (La.App.2d Cir. 1962), the defendant, an optometrist, sold his business to another optometrist, Roger Shaw. A non-competition agreement in favor of Shaw, similar to the one now at issue, was contained in the act of sale. Shaw then sold the business to the plaintiff, another optometrist. After the sale, the defendant began to practice optometry in violation of the non-competition agreement. The issue in Thomas, as in this case, was whether the agreement not to compete was heritable. The court considered the facts of the case in light of Article 1999 of the Louisiana Civil Code which provides:
"Every obligation shall be deemed to be heritable as to both parties, unless the contrary be specially expressed or necessarily implied from the nature of the contract."
The court noted that although an obligation is presumed heritable, the language in the non-competition agreement was a special expression of the parties' intent that the agreement was for the benefit of the named obligee only. Id. at 469. See generally S. Litvinoff, 2 Obligations § 156 (1975) as contained in 7 La.Civ.L. Treatise.
Our case is similar. Although the agreement is styled as an amendment to the sale of stock, it clearly states that the obligee is El Hindy, not Deluxe Bell.[1] Although Deluxe Bell is mentioned in the agreement it is only as a point of geographic reference.
The agreement is a specific expression of the parties' intent that the agreement is made by the Jeansonnes in favor of El Hindy personally and not Deluxe Bell.
The Fontenelles urge that the decision in Louisiana Office Systems, Inc. v. Boudreaux, 298 So.2d 341 (La.App.3d Cir.) remanded on other grounds, 302 So.2d 37 (La. *1001 1974), dismissed on other grounds, 309 So.2d 779 (La.App.3d Cir. 1975) is controlling. The Louisiana Office Systems, Inc. decision is distinguishable from the instant case. In that case, the defendant had signed an employment agreement that contained a non-competition clause should he leave the employ of Ron Brignac, d/b/a Louisiana Office Systems. The business was incorporated subsequently as Louisiana Office Systems, Inc. The court held that the successor corporation was able to enforce the obligation because the employment contract itself was heritable on the part of the obligor, La. Civ.C. art. 2007, and that there was sufficient evidence to support the plaintiff's position that the agreement had been assigned to it. In the instant case, the agreement not to compete was personal, and not simply a contract for the hire of labor, skill, or industry. See La.C.C. art. 2007. Furthermore, the assignor and assignee of the defendant's employment contract in Louisiana Office Systems, Inc., supra, were essentially the same entity. In this case, the alleged assignee is a third party. We also note that there was no evidence of an assignment of the non-competition agreement contained in the Act of Sale from El Hindy to the Fontenelles, an important consideration in Louisiana Office Systems, Inc., supra.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
AFFIRMED.
NOTES
[1] The agreement states in pertinent part:

"BY: RONALD JEANSONNE and RITA JEANSONNE
TO: ABEL [sic] AZIZ YOUSIF EL HINDY
* * * * * *
"PERSONALLY CAME AND APPEARED: RONALD JEANSONNE and RITA JEANSONNE who declared to me: That they wish to amend and supplement the Sale of Stock in Deluxe Bell Supermarket, Inc. of April 10, 1978 by agreeing and binding themselves for and pursuant to the same consideration recited therein by agreeing not to own, operate, or manage a retail food store within the one square mile in which Deluxe Bell Supermarket, Inc., 904 Piety Street, New Orleans, Louisiana is located."