LABORDE, Judge.
This suit involves the interpretation of certain provisions of a purchase contract. The contract was for the sale of an accounting practice located in Crowley, Louisiana. The plaintiffs, Edward L. Krielow, Inc., and Hamilton & Hamilton, allege that Article 6 of the contract was breached by the defendants, Broadhurst, Sikes & Gardes, E. Larry Sikes, J. Stephen Gardes, Danny P. Frederick and Marcel J. Bulliard, Jr. through the actions of a third party defendant, James R. Faulk. The trial court, in written reasons, held that the defendants had not breached Article 6 of the purchase contract. We affirm.
FACTS
On August 5, 1983, plaintiffs entered into a purchase contract with defendants to purchase the assets of the accounting practice of Broadhurst, Sikes & Gardes, a corporation of Certified Public Accountants located in Crowley, Louisiana. The purchase contract was signed by shareholders E. Larry Sikes as president and in his individual capacity, J. Steven Gardes, Danny P. Frederick, and Marcel J. Bulliard, Jr., all acting in their individual capacity. An alleged shareholder, James R. Faulk, was not asked to sign the purchase contract. On August 8, 1983, Faulk redeemed all of his shares of stock to Broadhurst, Sikes & Gardes in exchange for cash and forgiveness of debt. Included within the stock redemption agreement was a covenant not to compete between Faulk and Broadhurst, Sikes & Gardes.
Under the terms of the purchase contract, defendants agreed under Article 6 that:
“For a period of three (3) years from the date of closing, neither the Seller nor any of its present Shareholders shall, except insofar as the restrictions are for the benefit of the Purchasers:”
******
“c. Directly or indirectly establish an office for the purpose of engaging in the public accounting business within a fifteen (15) mile radius from the office of the Purchasers maintained in Crowley, Louisiana.
“d. The Seller will provide the Purchasers with complete copies of covenants not-to-compete, and any referenced documents thereto, from Earl J. Blackwell and James R. Faulk, or in lieu of these covenants, Seller will provide covenants from these individuals stipulating that they will not establish an office within a fifteen (15) mile radius from the office of the Purchasers maintained in Crowley, Louisiana for the period stipulated in their covenants with Seller or three (3) years, whichever is lesser.”
Under Article 10 of the purchase contract, stipulated damages of $35,000 were agreed to be paid if the provisions of Article 6 were violated.
On June 22, 1984, plaintiffs filed suit for breach of contract against the defendants alleging that defendants breached Article 6(c) of the purchase contract. The plaintiffs further allege that on August 5, 1983, James R. Faulk was a shareholder of Broadhurst, Sikes & Gardes, and that Faulk directly or indirectly operated an office within a fifteen mile radius of the office plaintiffs had purchased. Defendants answered the petition denying that James R. Faulk was a shareholder on August 5, 1983, and denying that he was directly or indirectly operating an office within a fifteen (15) mile radius of the *1031 office plaintiffs had purchased. Defendants also filed a third party demand against James R. Faulk.
The trial court, in written reasons, held that the only question to be resolved was whether James R. Faulk opened a C.P.A. office in Crowley. The trial judge interpreted the allegations of the plaintiffs’ petition as charging defendants with Faulk opening an office. The trial judge found that under Article 6(d), the defendants were only responsible to secure a certain covenant with Faulk. The trial court found this condition to be satisfied thereby ending the responsibility of the defendants. In addition, the trial judge found that Article 6(d) of the purchase contract was not a covenant not-to-compete, but simply an agreement not to establish an office in the Crowley area. The question as to whether an office was established in the Crowley area was answered by the trial court in finding that:
“This Court feels Mr. Faulk did not establish a C.P.A. office in Crowley. He took a full-time job in Lafayette, and whatever work was accomplished in Crowley, was done out of his home, or out of the place of employment or home of the client. He had no office set-up, had no listed C.P.A. phone, and had no C.P.A. sign. He even operated out of various rooms in his home and did not have an ‘office’ set-up in his house. About the best Plaintiff could show is that Mr. Faulk had some stationary with his name and the C.P.A. designation thereon, which contained his home address.
The Court does not believe Mr. Faulk set up what was designated as an ‘office’ in the agreement.”
On appeal, plaintiffs urge two assignments of error: (1) the trial court erred in reaching its conclusion that the defendants had not breached Article 6(d) of the purchase contract when, in fact, the plaintiffs never alleged that the defendants breached Article 6(d) of the purchase contract; and (2) the trial court erred in failing to decide whether or not the defendants breached Article 6(c) of the purchase contract.
The only issue for review, plaintiffs’ charge, is whether James Faulk, as a shareholder under Article 6(c) of the purchase contract, directly or indirectly established an office for the purpose of engaging in the public accounting business within a (15) mile radius from the office of the purchasers maintained in Crowley, Louisiana. Plaintiffs urge that James Faulk, because he clearly owned stock in Broad-hurst, Sikes & Gardes until August 8,1983, was a “present shareholder” under Article 6 at the time of the sale on August 5,1983. As a shareholder under Article 6(c), a mere showing that Faulk directly or indirectly established an office in Crowley would constitute a breach of contract by defendants. But such an interpretation would give no effect to Article 6(d) which specifically requires defendants to procure a covenant not-to-compete from James Faulk. It is undisputed that Faulk in fact owned stock in Broadhurst, Sikes & Gardes at the time of the sale, but this is only part of the story. Faulk had decided to have his shares redeemed by Broadhurst, Sikes & Gardes in May of 1983. Faulk testified that in the latter part of June or early July of 1983, all financial terms were agreed upon for the redemption of his stock. Defendants, Larry Sikes and J. Stephen Gardes testified that one reason James R. Faulk did not sign the stock redemption agreement until August 8, 1983, was because the sellers wanted to make sure that' the language of the stock redemption agreement tracked the language of the purchase contract.
All parties to this suit knew James R. Faulk was leaving Broadhurst, Sikes & Gardes. James Faulk did not sign the purchase contract, nor was he requested to do so by any of the parties. Broadhurst, Sikes & Gardes nimbly, if somewhat indelicately, negotiated two diametric sales at the same time. Unfortunately, the timetables crossed. Where the purchase agreement, for the sale of Broadhurst, Sikes & Gardes, contemplated Faulk to have already redeemed his shares, no such redemption had occurred.
*1032 The trial judge found that under Article 6(d), the only responsibility of the sellers was to obtain covenants not-to-compete from James R. Faulk and Earl J. Blackwell. On August 8, 1983, a covenant not-to-compete was included in a stock redemption agreement entered into between Faulk and Broadhurst, Sikes & Gardes. The trial judge felt that because the sellers secured this “covenant” from Faulk, that they satisfied their responsibility to the purchasers.
In reviewing the record, we agree with the trial judge in his interpretation of the purchase contract. In interpreting the contract, the trial judge had to evaluate contradictory testimony. His duty in interpreting this contract was to give legal effect to it in accordance with the true intent of the parties. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). The standard of review at the appellate level, is to fairly and independently review the documentary evidence without deference to the trial court's conclusions. La. Constitution Art. 5 sec. 10(B); West v. West, 475 So.2d 56 (La.App. 2d Cir.), writ denied, 478 So.2d 147 (La.1985).
In addition to the above determinations, the trial judge held that James R. Faulk did not open an office in the Crowley area in violation of the purchase agreement. This finding is not clearly wrong.
Plaintiffs assert that James R. Faulk, as a shareholder, directly or indirectly established an office in the Crowley area in violation of the contract. Because we do not find that James R. Faulk was a “present shareholder,” and therefore does not fall under the language of Article 6(c), our determination will be whether James R. Faulk opened an “office” as contemplated by Article 6(d) of the purchase contract. In making this determination, we are mindful that the agreement not to open an office, while not strictly an agreement not to compete, was in the nature of an agreement not to compete. We are mandated to give strict interpretation to noncompetition agreements because of their nature. See Jeansonne v. El Hindy, 413 So.2d 999 (La.App. 4th Cir.1982).
Plaintiffs offer in support of their position letters drafted by the purchasers and signed by Faulk requesting that certain files held by the purchasers be released to Faulk to “provide their professional accounting and tax services from my [Faulk] office in my home in Crowley.” Faulk testified that he disputed the use of this language, but signed the letters anyway realizing that it was the only way to get copies of the information needed. In support of their position, plaintiffs list twenty-two of Faulk’s clients along with Faulk's personal letterhead which includes his title, Certified Public Accountant, his home address, and home telephone number. Faulk testified that he provided the accounting services for these clients at his home in Crowley, his office in Lafayette, and at the client’s place of business. Plaintiffs also point to the testimony of Faulk that he used his home address, and checked the self employed box when signing an individual’s tax return.
After reviewing the record, we conclude, as did the trial judge, that James R. Faulk did not establish an office in Crowley. Plaintiffs do not and can not successfully argue that Faulk cannot practice public accounting in the Crowley area. The prohibition is against establishing an “office.” Faulk had a full time job in Lafayette, Louisiana during the entire time plaintiffs allege that Faulk established his office in Crowley. Faulk testified that his hours in Lafayette were from 8:30 to 5:00 Monday through Friday. Faulk did not have an “office” set-up, was not listed as a C.P.A. practicing in Crowley in the phone book, and did not have a C.P.A. sign in front of his house. Faulk had no secretary, copy machine, or specific area in his house where he prepared returns and other items for clients. At most, Faulk worked out of his house. We do not find that the trial court erred in determining that Faulk did not establish an office in Crowley as contemplated by Article 6(d) of the purchase contract.
For the above and foregoing reasons, the trial court judgment in favor of the defend *1033 ants is affirmed. The plaintiffs are to pay all costs of this appeal.
AFFIRMED.
DOMENGEAUX, J., dissents and assigns brief reasons.