HOLIDAY HILL STONE PRODUCTS, INC.,
Appellant,

v.

Clyde K. PEEK, Appellee.

No. 14355.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 24, 1965.

Dobbins & Howard, San Antonio, for appellant.

Charles J. Lieck, Jr., San Antonio, for appellee.

BARROW, Justice.

This suit was filed by appellant, Holiday Hill Stone Products, Inc., hereinafter re-

ferred to as Holiday Hill, seeking to enjoin appellee, Clyde K. Peek, from violating restrictive covenants in the employment contract signed by him. The hearing began as a non-jury hearing for a temporary injunction, but by agreement of the parties it was considered as one for a permanent injunction.

The trial court enjoined appellee from selling or attempting to sell cast stone or cast brick, or from influencing any architect in the use of same until April 25, 1966, and permanently enjoined him from selling, transferring or giving away any of appellant's trade secrets, formulas or the names of its customers, suppliers or agents. The trial court refused to enjoin appellee from working in a plant engaged in the cast stone and cast brick business for a period longer than one year after terminating his employment with appellant. This period had expired and therefore the provision was moot. Appellant perfected this appeal, complaining that the reduction of the contract in this respect, from three years to one year, was an abuse of the trial court's discretion. By cross-points, appellee complains of the action of the trial court in enjoining him in any respect. The trial court filed original and supplemental findings of fact.

Appellee was hired as plant manager and salesman for appellant by a written contract entered into on July 1, 1960. He was hired for a period of twelve months, but actually worked for appellant until he resigned on April 25, 1963. This contract contained restrictive covenants which are involved in this action.[1] After his resignation appellee worked, with the express approval of appellant, for a terrazzo tile company for about a year, until that company went broke. On May 22, 1964, appellee commenced work as plant superintendent for Robert Williams, d/b/a Tiffany Stone Sales Company, and shortly thereafter appellant brought this suit.

██ The applicable rule governing this case is stated in Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950, as follows:

"An agreement on the part of an employee not to compete with his employer after termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable. Where the public interest is not directly involved, the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any great-

1. "Employee agrees that he will not at any time while he is in the employment of employer, or within three (3) years of when such employment ceases or is terminated, either directly or indirectly for himself or in partnership or in connection with any person or corporation or as an agent or representative of any person, partnership or corporation engage within a radius of seven hundred (700) miles of San Antonio, Texas, in manufacturing a cast stone or cast brick, nor in installing any stone facing or stone veneering, real or artificial, with the use of an imbedding mix similar to that used by employer or with the use of any process used by employer; nor will he engage in selling or constructing any structures composed of cast stone or cast brick; nor will he at any place in the United States call, for the purpose of selling any building materials which are competitive to cast stone or brick, on any person or persons who have been customers of employer during the time employee shall have been employed by employer; nor shall he call on or attempt to interest any architect in the use of any building materials which are competitive to cast stone or brick, if such architects have designed houses using any of employer's products during any time employee may have been employed by employer.

"Employee further expressly agrees that he will not at any time either during the term of his employment or subsequent to the termination of his employment sell, transfer or give away to anyone any of the trade secrets or formulas of employer or the names of any of employer's customers, suppliers, employees or agents."

er restraint than is reasonably necessary to protect the business and good will of the employer. According to the Restatement, a restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement."

See also 40 Tex.Law Rev. 152.

Holiday Hill, a San Antonio company, is in the business of manufacturing and selling colored cast stone products, its best seller being a ripple textured unit. Its stones are steam cured by a method known as autoclaving. Holiday Hill's stones are nationally known, and appellant has developed various color formulas and processes for mixing the cement and curing the stones to meet severe weather tests. Appellee, as plant manager for nearly three years, gained full knowledge of all Holiday Hill's formulas and processes. He also had considerable contact with the customers and suppliers of Holiday Hill during his employment. Appellant did not contend that appellee had used any of Holiday Hill's trade secrets in his employment with Tiffany prior to the hearing of this case, however, the president of appellant testified that he feared their use in the future without appellant's knowledge.

Tiffany, also of San Antonio, has been a competitor of Holiday Hill since 1954, although its gross sales are only about one-fourth of those of Holiday Hill. Tiffany uses a different method of curing the cast stones, in that it uses a chemical method rather than heat. Holiday Hill uses a Dunn machine in curing the stones; whereas Tiffany uses a more expensive Columbia machine. There is testimony that although limestone aggregate is used by both companies, the formulas are different in each machine. Tiffany does not compete with Holiday Hill in the manufacture of hand-textured stones, and there is no evidence of any plans to do so in the future. Mr. Williams testified that appellee was hired to run the plant and not to sell the products. Mr. Williams further testified that he was satisfied with the formulas and product manufactured by Tiffany and that he had no intention or desire to copy any of the Holiday Hill's formulas or processes.

■■ The trial court found that the restrictive covenant to prohibit appellee from engaging in the manufacture of cast stone for a period in excess of one year after terminating his employment would work an unreasonable hardship on appellee in comparison to the benefits gained by appellant. We cannot say from this record that this finding was an abuse of discretion. Appellee has a large family to support and, except for four years in the clothing business with his father, had worked all his adult life in the manufacture of cast stone. Under the testimony of Mr. Williams, this employment did not involve a threat to the formulas and processes of Holiday Hill. The trial judge had the authority to limit the term of this restrictive covenant if he found it unreasonable. Lewis v. Krueger, 153 Tex. 363, 269 S.W.2d 798; Ramey v. Combined Amer. Ins. Co., Tex.Civ.App., 359 S.W.2d 523, no wr. hist.; Spinks v. Riebold, Tex.Civ.App., 310 S.W.2d 668.

■■ The trial court did not abuse its discretion in enjoining appellee from attempting to sell cast stone or cast brick for a period of three years, or from ever disclosing the trade secrets, or the names of Holiday Hill's customers, as provided in the written contract. The evidence showed that while performing his duties appellee had acquired a personal relationship with many of Holiday Hill's customers. The contract prohibited his attempting to sell in competition with Holiday Hill

for a period of three years after terminating his employment. We cannot say that this is an unreasonable time to prevent appellee's competing with his former employer over the business of its customers. Weatherford Oil Tool Co. v. Campbell, supra; Lewis v. Krueger, supra. Appellant did not waive its right under this contract by expressly consenting to appellee's going into the terrazzo tile business.

The judgment of the trial court is affirmed.