John ZUNIGA et al., Petitioners,

v.

U. S. INVESTORS, INC. et al., Respondents.

No. B–1975.

Supreme Court of Texas.

April 22, 1970.

Albert Armendariz, El Paso, for petitioners.

Travis White, Abner S. Lipscomb, Frank Hunter, Scott, Hulse, Marshall & Feuille, El Paso, for respondents.

PER CURIAM.

This is an appeal from an order of the District Court refusing to grant petitioners a temporary injunction. The order of the District Court was affirmed by the Court of Civil Appeals. Petitioners' First Amended Original Petition filed in the District Court on March 10, 1969, states that the temporary injunction is being sought to prohibit Respondents from *building* a nursing home on a certain tract of land located in a residential area. The District Court's order states that it was hearing " * * * Plaintiffs' application for temporary injunction, restraining and enjoining the Defendants herein from proceeding further with construction work. * * *"

Respondents have filed in this Court a Motion to Dismiss the Application for Writ of Error on the ground that the subject matter has become moot. Respondents have attached an affidavit stating that "The 200 bed nursing home has now been completed, was dedicated on January 4, 1970, and received its first patients on said date. That said home is in complete operation and staffed and has been since the 4th day of January, 1970." Petitioners' reply to the Motion to Dismiss does not deny that the construction of the nursing home has been completed and that said home is in complete operation; rather, petitioners contend that the temporary injunction was sought not only to prohibit the construction of the home but also to prohibit the *use* of the property as a nursing home. We find nothing in the record to indicate that petitioners sought the temporary injunction for any purpose other than to prohibit the building and construction of the nursing home. Therefore, the subject matter of the application for temporary injunction is moot.

Accordingly, writ of error is granted without reference to the merits of the matter decided below. The orders of such courts pertaining to the temporary injunction are set aside, and the cause insofar

as it relates to the matter of a temporary injunction, is dismissed at petitioners' cost. Downs v. City of Abilene, 391 S.W.2d 41 (Tex.1965); Cameron v. Saathoff, 162 Tex. 124, 345 S.W.2d 281 (1961); Guajardo v. Alamo Lumber Co., 159 Tex. 225, 317 S.W. 2d 725 (1958). This order of dismissal is entered without prejudice to such further actions as the parties and the District Court may wish to take with reference to the case on the merits.