298 So.2d 341 (1974)
LOUISIANA OFFICE SYSTEMS, INC., Plaintiff and Appellant,
v.
Robert L. BOUDREAUX, Defendant and Appellee.
No. 4619.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1974.
Rehearing Denied August 21, 1974.
Writ Granted October 28, 1974.
*342 Baggett, Hawsey, McClain & Morgan by L. E. Hawsey, Jr., Lake Charles, for plaintiff and appellant.
Philip J. Shahee, Jr., Lake Charles, for defendant and appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
The plaintiff-employer seeks to enforce the provision of an employment contract whereby the defendant-employee agreed not to engage in any competing business for a period of one year after termination of employment. The district judge held the non-competitive clause unenforceable, on the grounds that plaintiff had not incurred "substantial expense" in the training or advertising of the employee, within the meaning of LSA-R.S. 23:921. The plaintiff appealed.
The general facts are that plaintiff is engaged in the business of selling and servicing office copying and duplicating machines in the Lake Charles area. It employed defendant to service this equipment. In February of 1974, defendant left plaintiff and went to work for "Copy Plus", which competes with plaintiff in the area.
The first issue is whether the plaintiff corporation has the right to enforce the employment contract. It was entered into in April of 1971 by the defendant-employee and Mr. Ron R. Brignac, d/b/a Louisiana Office Systems. The business was incorporated *343 in May of 1972 under the name, "Louisiana Office Systems, Inc." Defendant contends there was no assignment of the contract by Brignac to the corporation.
Under LSA-C.C. Article 2007, contracts for the hire of labor, skill or industry are personal on the part of the obligor, but heritable on the part of the obligee. LSA-C.C. Article 2009 provides that all rights acquired by a heritable obligation may be assigned. In the contract of employment at issue here, Mr. Brignac was the obligee. He had the right to assign the contract to the corporation. Mr. Brignac testified that when he incorporated his business in 1972 he transferred to the new corporation all of his rights and assets in connection with the business. In the absence of any proof to the contrary, this is sufficient proof of the assignment of the defendant's employment contract to the corporation.
The next issue is whether the plaintiff-employer proved that it incurred expense in the training of the defendant-employee, sufficient to meet the requirement of LSA-R.S. 23:921. This statute provides in pertinent part that agreements by an employee not to engage in any competing business upon the termination of his employment are null, "provided that in those cases where the employer incurs an expense in the training of the employee... then in that event it shall be permissible" to enter into such a contract.
When defendant started to work for Louisiana Office Systems in April of 1971, he already had several years experience servicing duplicating machines, but he had no training in certain new equipment which was being sold by his new employer. The evidence shows that Louisiana Office Systems sent defendant to a training school for one week in Chicago at an expense of $368 for the purpose of learning to service the new Apeco equipment which his employer was selling. Additionally, immediately before defendant terminated his employment with the plaintiff in February of 1974, he was sent to a three-day school in Houston, Texas to learn to service another new type of equipment. This training cost the employer $90.31. The evidence is therefore clear that the employer incurred an expense of at least $458.31 for special training of defendant to service these items of office equipment.
Jurisprudence from this Court has construed LSA-R.S. 23:921 to mean that the expenses incurred by the employer in training the employee must be substantial. They must also be special, in the sense that they must be over and above the normal expenses of administration and supervision of employees. In National Motor Club of Louisiana, Inc. v. Conque, 173 So.2d 238 (La.App. 3rd Cir. 1965), an automobile club sought to enforce a non-competitive agreement entered into with its former manager. The alleged training expense consisted of reimbursement for travel expenses to attend company meetings of district managers in Dallas and New Orleans. These meetings were not for specialized training, but rather were the normal administrative meetings held by sales organizations to motivate salesmen to greater efforts, explain sales policy, etc. In holding these were not sufficient expenses for training within the meaning of the statute, we stated:
In view of the retention of the broad provision for the unenforceability of such noncompetive agreements and in the context of the prior jurisprudence, the apparent purpose of the 1962 amendment is to protect an employer only where he has invested substantial sums in special training of the employee or in advertising the employee's connection with his business."
In Peltier v. Hebert, 245 So.2d 511 (La. App. 3rd Cir. 1971), the training of a milk route salesman consisted of the supervisor traveling on the route with the salesman for the first two weeks of his employment and periodically thereafter. Following our decision in Conque, we held these costs *344 were minimal, not substantial, and, furthermore, they were the normal costs of administration and supervision, as distinguished from costs of special training for the employee.
In the recent case of Orkin Exterminating Company, Inc. v. Foti, 287 So.2d 569 (La.App. 3rd Cir. 1974) the facts show that when Foti was first employed by Orkin he knew nothing about the pest control business. He was sent to basic training courses and passed the state licensing test. In a period of four and a half years he rose to positions as manager of several local offices, and finally was transferred to the Louisiana district office. The majority decision states that the only special expenses for training Foti consisted of $261.50 for travel expense to attend a manager-training school in Atlanta, Georgia. The dissenting opinion points out that this training school for managers lasted seven and one-half days and was conducted at considerable expense to the employer. The dissent also points to the expense of training Foti in the technical aspects of pest extermination. The majority held these expenses were minimal and not special. Judge Miller dissented. A writ has been granted by our Supreme Court, 292 So.2d 241, and the case is now pending there.
There appears to be a conflict among the other Courts of Appeal in their interpretations of LSA-R.S. 23:921. In the first case in which the First Circuit considered the statute, it held the expenditure of any expense whatever in training the employee was sufficient, Aetna Finance v. Adams, 170 So.2d 740 (La.App. 1st Cir. 1964). However, in Weight Watchers of Louisiana, Inc. v. Ryals, 289 So.2d 531 (La.App. 1st Cir. 1974) the First Circuit rejected its holding in Aetna and followed the decision of this Court in Conque, that the expense of training must be both substantial and special. Our Supreme Court granted writs in Weight Watchers, 292 So.2d 242, and that case is still pending there.
The Second Circuit Court of Appeal followed the rule of the Aetna case, World Wide Health Studios, Inc. v. Desmond, 222 So.2d 517 (La.App. 2d Cir. 1969).
The Fourth Circuit also appears to have followed Aetna in National School Studios, Inc. v. Barrios, 236 So.2d 309 (La.App. 4th Cir. 1970).
It is our opinion that under the holding of this Court in Conque and the facts of this particular case, the expenses for training defendant as a service man for office copying equipment are substantial and special. The employer incurred an expense of at least $458.31 in sending the defendant to a special training school for a week in Chicago and another special training school for three days in Houston. This was a substantial expenditure for this employer to spend in training this employee. There is no question that these expenses were incurred for special training, as distinguished from normal costs of administration or supervision of employees. We find plaintiff is entitled to enforce the non-competitive provisions of the employment contract.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Louisiana Office Systems, Inc., and against the defendant, Robert L. Boudreaux, enjoining and restraining the defendant from engaging in any employment or activity which is competitive to the business of the plaintiff within a radius of 25 miles of any territory in which the defendant worked, this injunction to continue for a period of one year following defendant's termination of employment with plaintiff on February 16, 1974. All costs of the trial and appellate courts are assessed against the defendant-appellee.
Reversed and rendered.