CULPEPPER, Judge.
The plaintiff-employer filed this suit to enforce the non-competitive clause of an employment contract with defendant, its former employee. The district judge held the non-competitive clause unenforceable. Plaintiff appealed and we reversed, 298 So.2d 341. We granted an injunction restraining the defendant from engaging in any competitive business for a period of one year from the termination of his employment on February 16, 1974. Our Supreme Court granted a writ of review on October 28, 1974, La., 302 So.2d 37, and remanded the case to the Court of Appeal for its review in light of the Supreme Court’s decision in Orkin Exterminating Company v. Foti, La., 302 So.2d 593 (1974) and Weight Watchers of Louisiana, Inc. v. Ryals, La., 302 So.2d 598 (1974).
Following remand to this Court, the case was set for argument on February 17, 1975, on which date the case was called and submitted without the filing of briefs or oral argument by either party.
It is obvious from the record that the issues presented are now moot. The injunction granted in our original decision expired on February 16, 1975. No brief has been filed by either plaintiff or defendant suggesting any judgment which we could now render which would afford any relief to either party.
“An appellate court will not render judgments which cannot be made effective, nor will it give opinions on moot questions or abstract propositions from which no *780 practical results can follow.”, Voorhies Electrical Contracting, Inc. v. Town of Bunkie, 136 So.2d 141 (La.App. 3rd Cir. 1962) and the cases cited therein.
For the reasons assigned, the appeal is dismissed at the cost of the plaintiff.
Appealed dismissed.