**GAYLORD BROADCASTING CO.,**
**Plaintiff-Appellant Cross-Appellee,**

v.

**COSMOS BROADCASTING**
**CORP., Defendant,**

**Lynn Gansar, Defendant-Appellee**
**Cross-Appellant.**

**No. 84–3119.**

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1984.

David E. Walker, Michael T. Tusa, Jr., New Orleans, La., for plaintiff-appellant cross-appellee.

Theresa M. Gallion, James D. Carriere, New Orleans, La., for Cosmos.

Edgar L. Sapir, Paul A. Tabary, III, Frank J. Uddo, New Orleans, La., for Gansar.

Before GEE, WILLIAMS and JOLLY, Circuit Judges.

PER CURIAM:

In this appeal from the denial of a preliminary injunction, the appellant, Gaylord Broadcasting Co., challenges the district

court's application of the four-part test in *Hardin v. Houston Chronicle Publishing Co.,* 572 F.2d 1106 (5th Cir.1978), for determining whether Gaylord's motion for a preliminary injunction should have been granted. Because we conclude that the issue is moot, we dismiss the instant appeal and remand the case to the district court for further proceedings on the issue of damages.

This diversity case involves a breach of a personal service contract between Gaylord, the owner of a New Orleans television station, and Lynn Gansar, one of Gaylord's former news anchorpersons. The contract was entered into by the parties on July 1, 1980, and was extended on three occasions. Despite repeated and apparently good faith negotiations, the parties never reached an agreement concerning a new employment contract, and Gansar's employment with Gaylord ceased as of September 30, 1983.

In pertinent part the contract between Gaylord and Gansar provided:

. Acknowledging the substantial expenses that will be incurred by Gaylord in advertising, featuring and promoting Lynn Gansar in the New Orleans area as a news personality and in accord with the provisions of LSA–R.S. 23:921, for the duration of this agreement and also for a period of one (1) year following the dissolution of the Agreement, Lynn Gansar will not appear on any radio station or television station, in the greater New Orleans area other than WVUE–TV without the express written permission of Gaylord.

On or about November 1, 1983, one month after Gansar's employment with Gaylord ended, Gansar entered into negotiations with Cosmos Broadcasting Co., the owner of a New Orleans television station which competed with Gaylord's station, for a position as a news anchorperson. She did not seek from Gaylord the written consent that her contract required. Cosmos and Gansar consummated a personal service contract, and Gansar first appeared on Cosmos' station as a news anchorperson on December 12, 1983.

The next day, December 13, 1983, Gaylord filed this diversity action, seeking injunctive relief and damages. In February of 1984, the district court twice heard oral argument concerning Gaylord's request for a preliminary injunction to enforce the terms of the covenant not to compete. In an opinion rendered from the bench, the district court concluded that Gaylord was likely to prevail on the merits but had not shown the irreparable injury necessary for the injunction to issue. Accordingly, the district court denied Gaylord's motion for preliminary injunction. Gaylord timely appealed to this Court, arguing that the district court erred in concluding that Gaylord needed to demonstrate irreparable injury under Fed.R.Civ.P. 65 for an injunction to issue, since Louisiana law does not require a showing of irreparable injury to enforce the prohibitory aspects of a personal service contract.

This court perceives no need to address the correctness of the district court's denial of Gaylord's request for a preliminary injunction, since under Louisiana law Gaylord's request for injunctive relief is mooted by the terms of the Gaylord/Gansar contract. Assuming Gansar breached the covenant not to compete, Gaylord was entitled to prevent Gansar from working for a competitor for a period of only one year following Gansar's termination of employment. Since Gansar terminated her employment with Gaylord on September 30, 1983, Gaylord's right to enforce specifically the covenant not to compete ceased as of September 30, 1984, one year after Gansar's employment with Gaylord ended.

This was the precise result reached in *Louisiana Office Systems, Inc. v. Boudreaux,* 298 So.2d 341 (La.Ct.App.1974). In that case a photocopying machine repair company (LOS) sought to enforce a noncompetition clause against a former employee (Boudreaux) who had terminated his employment with LOS and violated the terms of the noncompetition clause. The clause provided that Boudreaux would not engage in any competing business for a period of one year after his employment

with LOS terminated. On February 16, 1974, Boudreaux ceased working for LOS, and shortly thereafter he began working for one of LOS's competitors. Seeking to enforce the terms of the noncompetition clause, LOS instituted suit in Louisiana district court. The district court concluded that the noncompetition clause was unenforceable because LOS had not incurred a "substantial expense," within the meaning of La.Rev.Stat.Ann. § 23:921, in the training of the Boudreaux. LOS appealed, and in a decision rendered on July 15, 1974, the Louisiana Court of Appeal reversed. *See* 298 So.2d 341. The Court of Appeal granted the requested injunction, restraining Boudreaux from engaging in any competitive business until February 16, 1975, one year after his employment with LOS terminated.

Boudreaux petitioned the Supreme Court of Louisiana for a writ of review. The Supreme Court granted the writ on October 28, 1974, reversed the judgment of the Court of Appeal, and remanded the case to the Court of Appeal for its review in light of the Supreme Court's decisions in *Orkin Exterminating Co. v. Foti*, 302 So.2d 593 (La.1974) and *Weight Watchers of Louisiana, Inc. v. Ryals*, 302 So.2d 598 (La.1974). *See Louisiana Office Systems, Inc. v. Boudreaux*, 302 So.2d 37 (La.1974). On remand, in an opinion dated March 19, 1975, the court of appeal dismissed the appeal as moot, reasoning that the time stated in the original, though reversed, injunction had lapsed as of February 17, 1975, the one year anniversary date of Boudreaux's termination of employment. *See*

*Louisiana Office Systems, Inc. v. Boudreaux*, 309 So.2d 779 (La.Ct.App.1975).

An identical result was reached in *A-Copy, Inc. v. Michaelson*, 599 F.2d 450 (1st Cir.1978). In that case an employee (Michaelson) of another photocopy machine manufacturer (A-Copy) entered into a written personal service employment contract which prohibited him from selling or servicing any competitor's machines for a period of one year following his termination of employment. A-Copy discharged Michaelson on February 17, 1977. Shortly thereafter Michaelson began violating the terms of various restrictive covenants, including the covenant not to compete. A-Copy immediately commenced suit to enforce this covenant. In April of 1977 the federal district court conducted a two-day hearing on A-Copy's request for a preliminary injunction, but the district court rendered no decision for over one year. Finally, on April 18, 1978, the district court entered a preliminary injunction enjoining Michaelson from engaging in any copying machine sales or service for a period of one year from the date of the entry of the order or until a determination on the merits. The First Circuit reversed the district court's grant of the preliminary injunction, concluding that notwithstanding the delay incident to the judicial proceedings, the A-Copy/Michaelson employment contract entitled A-Copy to enjoin only competitive activity occurring one year after the date of Michaelson's termination.[1] The First Circuit relied upon Massachusetts cases that apparently held that when a period of restraint has expired, specific relief is inappropriate, and the injured party is left to his damages remedy.[2]

1. The First Circuit explicitly rejected A-Copy's argument that the one-year noncompetition period should be tolled because of the inordinate delay incident to the legal proceedings. 599 F.2d at 452 n. 1. We agree with the First Circuit's holding. The parties may contractually provide for the tolling of the noncompetition period, if an employee breaches a covenant not to compete and the resulting civil proceedings to enforce the covenant consume more time than the period of the covenant itself. The contract in this case did not so provide.

2. The rationale offered in *Louisiana Office Systems* and *A-Copy* is consistent with the rationale offered in every case addressing this issue which this Court has discovered. *See Economic Laboratories, Inc. v. Donnolo*, 612 F.2d 405, 408 (9th Cir.1979) (citing cases) (Injunctive relief for breach of one-year covenant not to compete was properly denied where, at the time injunctive relief was requested, one year had elapsed since employee's termination.); *Meeker v. Stuart*, 188 F.Supp. 272, 276 (D.D.C.1960) ("Although the plaintiff ha[d] established his right to an injunction, ... since the two-year period referred to in the agreement ha[d] expired, no permanent in-

Under the authority cited above and the explicit terms of the Gaylord/Gansar contract, we hold that Gaylord cannot enforce specifically the terms of the now-lapsed covenant not to compete. We therefore dismiss as moot the instant appeal. Our decision does not implicate in any way the merits of the dispute concerning an alleged covenant not to compete and the damages which arose from an alleged breach of that covenant. Those issues must be resolved by a trial on the merits before the district court.

APPEAL DISMISSED AND CASE REMANDED.

junction [should] be issued."), *aff'd*, 289 F.2d 902 (D.C.Cir.1961); *De Long Corp. v. Lucas*, 176 F.Supp. 104, 126 (S.D.N.Y.1959) (employer's effort to enforce two-year covenant not to disclose trade secrets was improper, inequitable, and contrary to covenant where two years had elapsed by the time the district court addressed the issue), *aff'd*, 278 F.2d 804 (2d Cir.), *cert.* *denied*, 364 U.S. 833, 81 S.Ct. 71, 5 L.Ed.2d 58 (1960); *see also H.B. Fuller Co. v. Hagen*, 363 F.Supp. 1325 (W.D.N.Y.1973) (where following his termination employee breached two-year covenant not to compete, injunction which issued almost one year after termination would remain extant for only one year).