**Kay ALBERTS, Petitioner,**

v.

**WILSON ENTERPRISES, INC., et al, Respondent.**

**No. C–4613.**

Supreme Court of Texas.

Dec. 18, 1985.

Butler & Binion, Kevin McEviley, Don Fogel, Houston, for petitioner.

Sam Maida, Houston, for respondent.

PER CURIAM.

Kay Alberts brought this action under the Texas Deceptive Trade Practice Act against Wilson Enterprises and others for damages suffered while Wilson was making repairs to the roof on Albert's home. Based on the jury's findings, the trial court found Wilson in violation of the Act and rendered judgment for Alberts. In an unpublished opinion, the court of appeals affirmed that judgment. However, the court

of appeals ordered that all costs of the appeal be taxed against Alberts.

In its unpublished opinion on motion for rehearing, the court of appeals noted that Alberts' reply brief was not timely filed and stated that taxation of costs was within the discretion of the court pursuant to TEX.R.CIV.P. 435. However, TEX.R.CIV.P. 139 provides, in pertinent part, as follows:

> When a case is appealed, if the judgment of the higher court be against the appellant ... for the same or a greater amount than in the court below, *the adverse party shall recover the costs of both courts.*

(emphasis added).

Because the court of appeals' judgment did not tax the costs of appeal against the completely unsuccessful appellant, its order conflicts with Rule 139. Accordingly, pursuant to TEX.R.CIV.P. 483, and without hearing oral argument, we reverse the judgment of the court of appeals and order that the costs of appeal be taxed against Wilson. The judgment of the court of appeals is otherwise affirmed.