**SAVE OUR SPRINGS LEGAL DEFENSE FUND and Save Barton Creek Association, Appellant,**

v.

**CITY OF AUSTIN, Texas Water Commission, Texas Parks and Wildlife Commission, and Texas Antiquities Committee, Appellees.**

No. 3–93–087–CV.

Court of Appeals of Texas, Austin.

Feb. 16, 1994.

Rehearing Granted Feb. 16, 1994.

Rehearing Overruled March 23, 1994.

William G. Bunch, Phillip Poplin, Teresa L. Todd, Jeff Glass, Austin, for appellant.

Diana L. Granger, City Atty., William T. Deane, Asst. City Atty., Austin, for City of Austin.

Dan Morales, Atty. Gen., Stuart W. Bowen, Jr., Asst. Atty. Gen., Austin, for Texas Antiquities Committee.

Dan Morales, Atty. Gen., Liz Bills, Asst. Atty. Gen., Austin, for Texas Parks & Wildlife Com'n.

Dan Morales, Atty. Gen., Cynthia Woelk, Asst. Atty. Gen., Austin, for Texas Water Com'n.

Before POWERS, KIDD and B.A. SMITH, JJ.

## ORDER ASSESSING COSTS OF APPEAL

KIDD, Justice.

Appellants Save Our Springs Legal Defense Fund and Save Barton Creek Associa-

tion have filed a motion for rehearing directed at the assessment of appeal costs in our judgment of August 25, 1993. In that judgment, we ordered each party to pay its own costs of appeal. Appellants now request us to tax their costs of appeal against appellee, City of Austin, and to clarify that our assessment of the costs of appeal does not express an opinion on the apportionment of attorney's fees among the parties. We will grant the motion.

Appellants brought this action to enjoin the City of Austin from constructing a forty-eight-inch sewer line through Zilker Park in Austin, Texas. The sewer construction project is known as the South Austin Outfall–Phase II. Following the district court's denial of a request for a temporary injunction, appellants brought an interlocutory appeal to this Court. During the pendency of this appeal and after the case had been orally argued and submitted to this Court for decision, appellee Texas Water Commission (TWC)[1] moved to dismiss the appeal as moot. The basis for TWC's motion was that the Austin City Council had voted not to proceed with the construction of the sewer line and had canceled the construction contract. Based upon certified copies of the Austin City Council's minutes memorializing the decision to cancel the sewer line project, this Court held, "The action of the City Council has eliminated the subject matter of the controversy underlying this appeal and mooted the appeal."

In their motion for rehearing, appellants state that the City of Austin "has taken precisely the action Appellants sought to enforce by urging its request for temporary injunction." Thus, the appellants urge us to exercise our discretion to tax appellants' appeal costs against the City of Austin.[2]

The Rules of Appellate Procedure provide this court with considerable discretion to equitably assess the costs on appeal. *See* Tex.

---

1. Although South Austin Outfall–Phase II was a City of Austin project, other agencies such as Texas Water Commission, Texas Parks and Wildlife Commission, and Texas Antiquities Committee were appellees in this Court because of their involvement with project oversight and licensing.

2. We note the narrowness of appellants' requested relief. Appellants do not ask us to consider any court costs other than those of this appeal and specifically request that our decision not affect the apportionment of attorney's fees that might be awarded.

R.App.P. 89 (providing that "nothing herein shall be construed to limit or impair the *power of the court of appeals* to otherwise tax the costs for *good cause*") (emphasis added). The appellants argue that the City of Austin has rendered further pursuit of injunctive relief unnecessary by voluntarily abandoning construction of the sewer project that the appellants had sought to enjoin. Thus, the appellants contend that we should exercise our discretion to tax their costs of this appeal against the City of Austin. We agree.

Accordingly, we grant the motion for rehearing and order that the City of Austin pay all costs of this appeal incurred by it and the appellants; and that the Texas Water Commission, the Texas Parks and Wildlife Commission, and the Texas Antiquities Committee pay any costs of appeal incurred by them. *See* Tex.R.App.P. 89; *London v. Merriman*, 756 S.W.2d 736, 742 (Tex.App.—Corpus Christi 1988, writ denied).

Our determination regarding the costs of appeal should not be construed as an expression of opinion by this Court on any question regarding the apportionment of attorney's fees among the parties to this proceeding.

It is so ordered this 16th day of February 1994.

POWERS, Justice, dissenting.

I respectfully dissent. Under the rules that govern cases like the present, we are obliged to assess the costs of the appeal against appellants, not the City of Austin.

When, as here, the trial court *denies* a plaintiff's application for temporary injunction restraining the construction of an improvement, and the defendant erects the improvement pending appeal, the temporary-injunction cause becomes moot and must be dismissed *at the plaintiff's cost. Zuniga v. U.S. Investors, Inc.*, 453 S.W.2d 811, 811–12 (Tex.1970); *Cameron v. Saathoff*, 162 Tex. 124, 345 S.W.2d 281, 282 (1961). The same holds true even when the trial court *grants* the temporary injunction but the cause nevertheless becomes moot on appeal—the appeal must be dismissed *at the plaintiff's cost. Service Fin. Corp. v. Grote*, 133 Tex. 606, 131 S.W.2d 93, 94 (Tex.Com.App.1939); *International Ass'n of Machinists v. Federated Ass'n of Accessory Workers*, 130 S.W.2d 282, 283 (Tex.Com.App.1939). In either case, the party requesting the temporary injunction is not a "successful party" and must bear the costs of appeal when the temporary-injunction issue becomes moot on appeal. *See* Tex.R.Civ.P. 131, 139; *Martinez v. Pierce*, 759 S.W.2d 114 (Tex.1988) (holding court of appeals erred in taxing half of trial costs against party who prevailed at trial); *Siepert v. Brewer*, 433 S.W.2d 773, 775 (Tex.Civ. App.—Texarkana 1968, writ ref'd n.r.e.) (holding costs should be assessed against defendant when parties settle before trial).

The majority do not, I believe, dispute the foregoing. Instead, they rest their decision on our power, in an *exceptional* case, to "adjudge the costs otherwise than as provided by law or these rules" when "good cause" is stated on the record. Tex.R.Civ.P. 141.[1]

---

1. The majority cite Tex.R.App.P. 89 as the source of our power to adjudge costs on the basis of "good cause." I believe this is incorrect. Appellate Rule 89 merely *acknowledges* that we have the power to adjudge appellate costs on the basis of "good cause," and states that our power to do so is not limited or impaired by that part of Rule 89 which provides that an appellant shall have writ of execution in the trial court when we reverse a trial-court judgment. Thus, the very text of appellate Rule 89 rejects any inference that it is a delegation of power. The appellate rules simply direct that we make a "proper" disposition of the costs of appeal when we *affirm* or *modify* a trial-court judgment. Tex.R.App.P. 82.

The actual source of our power to adjudge the costs of appeal is found in the Texas Rules of Civil Procedure, which pertain ordinarily to trial-court proceedings. Rule 139 of these rules prescribes in detail, however, how the costs of appeal shall be assessed in the appellate courts, based on the nature of the appellate-court judgment and the general premise that the party who is "successful" in the appellate-court judgment shall recover his costs on appeal. *See* Tex. R.Civ.P. 131, 139. Rule 141 provides, however, that "[t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." This language of Rule 141 is the sources of our power to adjudge costs based on good cause, for Rule 141 is a necessary appendage and qualification upon the preceding Rule 139. *See, e.g., Thompson v. Gibbs*, 150 Tex. 315, 240 S.W.2d 287, 288 (1951); *Keene Corp. v. Gardner*, 837 S.W.2d 224, 232 (Tex.App.—Dallas 1992, writ denied).

The majority state only two reasons as "good cause" for departing from the ordinary rules to adjudge all costs of the appeal against the City. The reasons are as follows: (1) we have "considerable discretion to equitably assess the costs of appeal"; and (2) the City, "has rendered further pursuit of injunction relief unnecessary by voluntarily abandoning construction of the sewer project." In my view, these constitute absolutely no basis at all for inferring "good cause" from the record.

That we have "discretion" with regard to adjudging costs means only that we have the power to adjudge costs one way or another as the circumstances and the law require. It is *not* a justification for any *particular* decision regarding costs.[2] *See, e.g., Alberts v. Wilson Enters., Inc.,* 701 S.W.2d 248, 249 (Tex.1985) (court of appeals erred in taxing costs against successful plaintiff on twin grounds that the matter was within the court's discretion and plaintiff failed to file timely reply brief).

The City was absolutely free to continue the sewer project or not, as its view of the public interest dictated. That the City voluntarily abandoned the project, making further pursuit of injunctive relief unnecessary, means only that the City's unilateral, voluntary action rendered the appeal moot. This hardly constitutes a justification for inferring "good cause" from the record, except through circular reasoning. Voluntary, unilateral actions by the party sought to be enjoined are *ordinarily* the occasion for an appeal becoming moot in cases like the present. Such was the case, for example, in *Zuniga* and *Cameron* when the defendants acted to complete their improvements pending appeal after the trial court had declined to enjoin their doing so. The same is true in any number of other contexts—the sale or removal of property, or the payment or collection of money, for example. *See, e.g., Guajardo v. Alamo Lumber Co.,* 159 Tex.

225, 317 S.W.2d 725, 726 (1958); *Hulett v. West Lamar Rural High Sch. Dist.,* 149 Tex. 289, 232 S.W.2d 669, 670 (1950); *Logan v. First Nat'l Bank & Trust Co.,* 70 S.W.2d 763, 764 (Tex.Civ.App.—Amarillo 1934, writ ref'd); *White v. Citizens' Bridge Co.,* 54 S.W.2d 225, 226 (Tex.Civ.App.—San Antonio 1932, no writ). The City has violated no law or court order by abandoning the project. The City has prevailed as the successful party in the only court judgment that precedes our order of dismissal.

If the majority's stated reasons amount to "good cause," then there is good cause in every case for assessing costs against the defendant when the temporary-injunction issue becomes moot on appeal because the defendant took an action he was not forbidden by injunction or law to take. The "good cause" rule, designed for exceptional cases, thus becomes the rule in all cases. This stands Rule 141 on its head. Because the majority's decision does "not tax the costs of appeal against the completely unsuccessful appellant, its order conflicts with Rule 139." *Alberts,* 701 S.W.2d at 249. I would hold accordingly.

---

**2.** We stated as follows in *Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 935 (Tex.App.—Austin 1987, no writ):

In common usage, the word "discretion" signifies a power to choose among alternatives within legal bounds. This power is routinely given to government officials because government cannot be conducted without the exercise by someone of the power to choose with *au-*

*thority,* that is to say, the power to *determine,* according to the official's best judgment, what alternative is best in the circumstances.... Needless to say, that a matter *is* committed to a ... judge's discretion is *never a reason for* his deciding to rule one way as opposed to another.

(emphasis in original).