# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00085-CV

**Wayne Johnson, Appellant**

**v.**

**Texas Parks and Wildlife Department, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-14-000025, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wayne Johnson appeals from an interlocutory order denying his request for a temporary injunction to prevent the Texas Parks and Wildlife Department from carrying out an inspection to determine whether the deer at Johnson's deer-breeding facility were marked with identifying ear tags or tattoos required by statute and Department rules to ensure that captive deer are legitimate Texas breeder deer that have not been exposed to unmonitored deer (referred to as "herd reconciliation"). *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (permitting appeal from interlocutory order granting or refusing a temporary injunction). The Department has filed a motion to dismiss the appeal for want of jurisdiction on the ground that the appeal is moot. We will grant the motion and dismiss the appeal.

In November 2013, the Department informed Johnson by letter that it was denying his application to renew his deer-breeder's permit based on a history of noncompliance with deer

breeder regulations and statutes, including failing to comply with reporting and deer-identification requirements. As a result, Johnson's deer-breeder's permit has expired. The Department also informed Johnson that it intended to enter his facility to inspect his deer and would euthanize any deer of unknown origin to collect tissue samples for disease testing. In December 2013, the Department informed Johnson by letter that the Department's Permit Review Panel had decided to uphold the Department staff's denial of his 2013 permit-renewal application.

Johnson filed an application for a temporary restraining order, temporary and permanent injunctions, and for "de-novo review" of the denial of his permit application. *See* Tex. Parks & Wildlife Code § 12.067 (venue to appeal decision of department refusing to issue or renew permit is Travis County district court and appeal shall be by trial de novo). Johnson alleged that injunctive relief was required to prevent the irreparable harm that would result from the Department's threatened destruction of his herd of genetically unique white-tailed deer as a result of its herd-reconciliation activities. The district court issued a temporary restraining order enjoining the Department from euthanizing any of Johnson's deer and set a hearing on the application for a temporary injunction for January 30, 2014. During the January 30 hearing, the trial court expressly clarified that the only injunctive relief Johnson sought related to the threatened destruction of the deer, and that Johnson had stipulated he was not seeking injunctive relief in the form of a court order that the Department provide him with a permit. After the hearing, the trial court signed an order denying Johnson's application for a temporary injunction. Johnson timely perfected an interlocutory appeal of that order on February 11.

2

On the evening of February 18, the Department conducted its herd-reconciliation activities at Johnson's facility, during which it asserts that it discovered 25 deer that lacked the required identifying tags or tattoos and one dead deer. The 25 deer were euthanized, and their tissue samples, along with that of the dead deer, were sent to the Texas A & M Veterinary Medical Diagnostic Laboratory to be tested for chronic wasting disease and bovine tuberculosis. The laboratory tests did not detect either disease in any of the tissue samples. In an affidavit attached to the Department's motion to dismiss Johnson's interlocutory appeal, the Department's Big Game Program Director, Mitch Lockwood, averred that because the laboratory samples detected no disease, the Department had informed Johnson that it had lifted its movement ban on the remaining deer at his facility. The Department also informed Johnson, however, that because he no longer possessed a valid deer-breeder's permit, he could not continue to confine deer at his facility. Johnson was informed that he must dispose of the remaining deer at his facility either by releasing them into the wild or by euthanizing them. The Department informed Johnson that he must dispose of the deer no later than April 17, 2014, or the Department would be required to do so. *See* 31 Tex. Admin. Code § 65.612(a), (c) (2014) (Tex. Parks & Wildlife Dep't, Disposition of Deer) (upon termination of deer breeder's permit, permittee shall dispose of all breeder deer within 30 days or deer shall be disposed of at discretion of department).

In its motion to dismiss, the Department contends that Johnson's interlocutory appeal is moot because the herd-reconciliation actions Johnson sought to enjoin have been completed. The Department disavows any intent to conduct further testing but simply intends to enforce laws that prohibit a person from possessing live deer without a deer-management program. *See, e.g.*, *id.*

3

§ 65.602(a) (Tex. Parks & Wildlife Dep't, Permit Requirement & Permit Privileges; General Provisions) ('[N]o person may possess a live deer in this state unless that person possesses a valid [deer-management] permit issued by the department . . . ."). The Department maintains that because Johnson stipulated in the trial court that he was not seeking any injunctive relief to secure the privileges of a deer-breeder's permit, the order Johnson appeals from does not address that issue and so cannot be the subject of this interlocutory appeal. We agree. The relief Johnson sought in the trial court was solely to restrain the Department from conducting its herd-reconciliation activities. Those activities have since been completed. This appeal does not involve the Department's denial of Johnson's application for a deer-breeder's permit, the lack of which is the basis for any future Department action with respect to any deer remaining in Johnson's possession after April 17, 2014. Because the herd-reconciliation activities Johnson sought to enjoin have already occurred, the subject matter of the application for temporary injunction from which Johnson appeals is moot. *See, e.g.*, *Zuniga v. U.S. Investors, Inc.*, 453 S.W.2d 811, 811 (Tex. 1970) (appeal from trial court's refusal to enjoin construction of nursing home moot because nursing home construction completed). Moreover, Johnson can avoid further Department action by releasing his deer into the wild by the April 17 deadline.

Because the dispute that gave rise to this appeal is no longer a live controversy, the appeal is moot. Accordingly, we grant the Department's motion and dismiss the appeal for lack of subject-matter jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed:   April 8, 2014