ACCEPTED
04-14-00606-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/11/2015 2:43:35 PM
KEITH HOTTLE
CLERK

NO. 04-14-00606-CV

IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/11/2015 2:43:35 PM
KEITH E. HOTTLE
Clerk

ARGO GROUP US, INC., COLONY MANAGEMENT SERVICES, INC.,
COLONY INSURANCE COMPANY, COLONY NATIONAL INSURANCE
COMPANY, COLONY SPECIALTY INSURANCE COMPANY, COLONY
AGENCY SERVICES, INC., AND ARGO GROUP INTERNATIONAL
HOLDINGS, LTD.,

**Appellants,**

**v.**

LOUIS D. LEVINSON, INTERNATIONAL FINANCIAL GROUP, INC.,
GUILFORD SPECIALTY GROUP, INC., GUILFORD INSURANCE
COMPANY, AND THE BURLINGTON INSURANCE COMPANY,

**Appellees.**

**Appeal from the 221st Judicial District Court, Bexar County, Texas
Trial Court Cause No. 2014-CI-09550
Hon. Antonia Arteaga, Presiding**

**RESPONSE TO APPELLANTS' MOTION FOR REHEARING**

Pursuant to Texas Rule of Appellate Procedure 49.2 and this Court's Order

of February 25, 2015, Appellees Louis D. Levinson, International Financial Group,

Inc., Guilford Specialty Group, Inc., Guilford Insurance Company, and The

12351783v.1 145360/00001

Burlington Insurance Company (collectively "Appellees") hereby respond in opposition to Appellants' Motion for Rehearing and state as follows:

Pointing to the fact that they tried and failed below to obtain an injunction ordering "equitable tolling" of the noncompete agreement with Louis Levinson, Appellants seek rehearing of this Court's determination that their appeal is moot. To be sure, Appellants argued below that the noncompete clause should be "equitably extended." But the settled Texas case law—including the Supreme Court's decision in *Weatherford Oil*—makes clear that this appeal is nonetheless moot. Appellants' effort to upset the status quo and obtain an affirmative injunction ordering IFG to fire Levinson, its president—more than six months after the expiration of his noncompete—is moot and must fail.[1] Appellants fail to

---

[1] Even if this appeal were not moot, there is no legal or factual basis for equitable tolling in this case, as the trial court properly concluded following a three-day evidentiary hearing on the merits. *See* Merits Brief of Appellees at 45-50. The trial court's ruling denying Appellants' request for a temporary injunction was an exercise of its "sound discretion," *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002), and this Court can reverse the trial court's decision only if it was "so arbitrary that it exceeded the bounds of reasonable discretion." *Id.* Moreover, this Court must affirm the judgment of the trial court if it is supported by any basis appearing in the record. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). As detailed in Appellees' merits briefing, there are at least three such independent bases, in addition to mootness: (1) Appellants did not demonstrate a probable, imminent, and irreparable injury, *see* Br. for Appellees at 20-33, (2) Appellants did not establish a probable right to relief, *see id.* at 34-44, and (3) Appellants did not show that Levinson had "continuously and persistently" breached his restrictive covenants, *see id.* at 49-51.

12351783v.1 145360/00001

identify any court, anywhere, that has entered such an extraordinary order upsetting the status quo.

## ARGUMENT

This case is controlled by *Weatherford Oil.* As Appellees explained in their merits briefing, Texas law on mootness in the context of restrictive covenants is clear: because "the period during which the restraint was to exist has now expired," the "injunction feature of [this] case is now moot." *Weatherford Oil Tool Co. v. A.G. Campbell*, 340 S.W. 2d 950, 953 (Tex. 1960) (emphasis added).

Appellants do not dispute, because they cannot, that the contractually-specified term of Levinson's restrictive covenants expired on August 25, 2014. With the expiration of that restriction—and Appellants' failure to obtain an injunction—Levinson began working for Appellees the next day.[2] Appellants argue, however, that despite the expiration of the covenant and the fact that Levinson has now been employed by Appellees for more than six months, the courts have the power to "equitably extend" his expired covenant, to issue an order removing Levinson from his job. Not so. Appellants point to no case in which any court, in any jurisdiction, has entered an order removing an employee from his or

---

[2] Sworn court testimony of a senior executive of Appellants confirms their understanding of an employee's right to begin work for a competitor upon expiration of a noncompete. *See, e.g.,* RR Vol. 4 at 163:2-5 (Testimony of Argo's Excess & Surplus President Arthur Davis) ("Q. And at the end of [the noncompete, an employee] would be free to go work for any company that competed with Argo, right? A. I assume.").

12351783v.1 145360/00001

her job following the expiration of a noncompete period for any reason, including "equitable tolling" of the noncompete.

Indeed, the fact that Appellants' desired "extension" would require removing Levinson from his employment with Appellees shows precisely why the mootness doctrine applies. The purpose of a temporary injunction "is to <u>preserve the status quo</u> of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (emphasis added). The status quo at the time that Argo sought a temporary injunction was that Levinson was not yet working for IFG, and Argo's petition sought to preserve that state of affairs "pending a trial on the merits." *Id.* But, following a three-day evidentiary hearing, the trial court denied that request for temporary injunction, and Levinson began work with IFG after the noncompete period expired by its terms some 10 days later—before Appellants took this appeal from the trial court's ruling. Thus, the state of affairs that Appellants sought to preserve no longer exists, and what Appellants seek now is to <u>upset</u> the status quo. But once the status quo has been altered, such an effort to seek an injunction to preserve the status quo becomes moot.

Appellants have pointed to no case where a court has ruled that following the denial of a temporary injunction, the act sought to be enjoined can be "undone" by an appellate court once lawfully completed. To the contrary, Texas courts have

12351783v.1 145360/00001

refused such requests—on mootness grounds—in a variety of contexts. In *Zuniga v. U.S. Investors, Inc.*, 453 S.W.2d 811, 811-12 (Tex. 1970), for example, the plaintiffs' request for temporary injunction sought to prohibit the construction of a nursing home in a residential area. Following the trial court's denial of the temporary injunction, and while the appeal was pending, the nursing home was built. The Texas Supreme Court concluded that because the nursing home had been built, there was nothing left to enjoin, so "the subject matter of the application for temporary injunction is moot." *Id.* at 811. The courts of appeals—including this Court—have reached precisely the same conclusion. *Toudouze v. Urban Renewal Agency of San Antonio*, 404 S.W.2d 821, 821 (Tex. Civ. App.—San Antonio 1966, writ ref'd n.r.e.) ("It is now apparent that the relief sought by appellants cannot be granted them, because it appears that the thing they were trying to prevent from happening has already happened. This appeal is now moot."). *See also Johnson v. Texas Parks and Wildlife Dept.*, No. 03-14-00085-CV, 2014 WL 1432177, *2 (Tex. App.—Austin Apr. 8, 2014, no pet.) ("Because the herd-reconciliation activities Johnson sought to enjoin have already occurred, the subject matter of the application for temporary injunction . . . is moot."); *Rawlings v. Gonzalez*, 407 S.W.3d 420, 428 (Tex. App.—Dallas 2013, no pet.) ("[T]he trial court can no longer enjoin the publication of the ordinance or prevent the judges appointed by the ordinance from taking their oaths of office, because

-5-

12351783v.1 145360/00001

these events have already occurred."); *Young Trucking, Inc. v. Railroad Comm'n of Texas*, 781 S.W.2d 719, 720 (Tex. App.—Austin 1989, no writ) ("[W]hen an order suspending a certificate or license expires by its own terms pending appeal, no controversy remains and the case is moot.").

Likewise, as Appellees explained in their merits briefing, the case law—including the Supreme Court's decision in *Weatherford Oil*—also instructs that where a restrictive covenant has expired, a court no longer has the power to enforce it because the effort to obtain an injunction has become moot. *Holiday Hill Stone Prods., Inc. v. Peek*, 387 S.W.2d 731, 732 (Tex. Civ. App.—San Antonio 1965, no writ) (where the trial court shortened the injunction period from three years to one year and that one-year period expired by the time of the appeal, the appeal of the trial court's decision had become moot); *Rimes v. Club Corp. of Am.*, 542 S.W.2d 909, 912 (Tex. Civ. App.—Dallas 1976, writ ref'd n.r.e.) ("Here, the parties entered into a contract providing for a noncompetitive period following cessation of employment and such period is now past which causes the issue to become moot."); *Leon's Fine Foods, Inc. v. McClearin*, No. 05-97-01198-CV, 2000 WL 277135 at *1 (Tex. App.—Dallas, Mar. 15, 2000, pet. denied) (not designated for publication) ("The two-year term of the covenant ended on December 31, 1995. . . . Once the non-competition period ends, the trial court's ability to enforce the covenant by injunction becomes moot. . . . The statutory

-6-

remedy of injunctive relief was not available to Leon's since the term of the covenant had expired, before the court issued any injunction.") (citing *Weatherford Oil* and *Rimes*).

According to Appellants, this Court should ignore the Supreme Court's decision in *Weatherford Oil* and these many courts of appeals decisions because they concern "reformation" and not "equitable extension." *See* Mot. for Rehearing at 4. The argument is specious.

First, as noted above and in Appellees' merits briefing, neither the Texas Supreme Court nor this Court has held that restrictive covenants in employment contracts can be "equitably extended." There is, therefore, no basis for Appellants' insistence that Texas courts have carefully distinguished the concepts of "equitable extension" and "reformation." Moreover, courts that have recognized equitable extension as a possible remedy for violation of restrictive covenants frequently use the term "reformation" to refer to the extension of noncompete and nonsolicitation provisions—the relief that Appellants seek here. *See, e.g., Staples, Inc. v. Sandler*, No. 07-CV-0928, 2008 WL 4107656 at *5 (N.D. Tex. Aug. 29, 2008) ("The Court is unwilling to <u>reform</u> the agreement to extend its time restraint.") (emphasis added) (vacated after settlement, *Staples, Inc. v. Sandler*, 2009 WL 1285838 (N.D. Tex. May 7, 2009)); *Stonhard, Inc. v. Carolina Flooring Specialists, Inc.*, 621 S.E.2d 352, 354 (S.C. 2005) (rejecting a request for equitable extension by

12351783v.1 145360/00001

concluding that "[e]ven if the agreement could be <u>reformed</u> in this manner under New Jersey law, the agreement would be unenforceable in South Carolina because the very act of adding a term not negotiated and agreed upon by the parties violates public policy") (emphasis added); *Southern Intermodal Logistics, Inc. v. Taylor Maid Transp., Inc.*, 338 S.E. 2d 678, 678 (Ga. 1986) (finding appeal moot where "trial court refused to <u>reform</u> the contract to extend the period of non-competition") (emphasis added).

Thus, Appellants' contention that mootness can apply only where a court is asked to consider "reformation," limited, for example, to shortening the duration or narrowing the geographic scope of a noncompete, rather than "equitable extension," extending a noncompete, is hardly the "crucial distinction reflected in Texas common law" that Appellants assert. *See* Mot. for Reconsideration at 2. To the contrary, it is a meaningless and nonsensical distinction—which has nothing whatsoever to do with mootness—baldy asserted without citation by Appellants and never recognized by any Texas court.

Contrary to Appellants' position that cases concerning restrictive covenants are never moot so long as the petitioners pleaded a request for "extension" of the covenant, Texas courts of appeals have recognized that *Weatherford Oil* stands for the proposition that when a restrictive covenant expires while a denial of an

12351783v.1 145360/00001

injunction is on appeal, the appeal becomes moot. This Court should follow the Texas Supreme Court in reaching the same conclusion here.

Appellants' citation to *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459 (5th Cir. 2003) does not compel a contrary conclusion. Not only is *Guy Carpenter* a Fifth Circuit case not binding on this Court, but it is also grounded in Ohio and <u>not</u> Texas law.[3] Had the *Guy Carpenter* court applied <u>Texas</u> law, as articulated in *Weatherford Oil*, it would have dismissed the case as moot. *Compare Guy Carpenter*, 334 F.3d at 464 ("The expiration of the one-year contract limit does not make this issue moot.") *with Weatherford Oil*, 340 S.W.2d at 953 (because one-year contractual limit expired, "the injunction feature of the case is now moot").

Moreover, the only restrictive covenant at issue in *Guy Carpenter* was a nonsolicitation covenant—and, unlike the covenant not to compete at issue here, its extension would not have compelled the firing of an employee from his job. 334 F.3d at 463 ("Guy Carpenter alleged Provenzale began contacting and soliciting its clients . . . in violation of the 1999 Agreement's non-solicitation covenant.").

---

[3] While the Fifth Circuit <u>purported</u> to base its holding on *Premier Indus. Corp. v. Tex. Indus. Fastener Co.*, 450 F.2d 444, 448 (5th Cir. 1971), which the *Guy Carpenter* court claimed "appl[ied] Texas law," 334 F.3d at 464, *Premier* did nothing of the sort. In fact, <u>Ohio</u> law governed the *Premier* case. *See id.*, 450 F.2d at 447 ("There does not appear to be any dispute . . . as to the state whose law governs these covenants. . . . The contract provides that the laws of the State of Ohio shall govern both as to interpretation and performance.").

12351783v.1 145360/00001

Thus, there is no case identified by Appellants—including *Guy Carpenter*—where a court issued an order that forced an employee to be terminated from his or her job after the noncompete expired. *See Marsh USA v. Cook*, 354 S.W.3d 764, 776 (Tex. 2011) (one's "right to use his own labor" in seeking lawful employment is "one of the first and highest of civil rights"). *See also Gaylord Broadcasting Co. v. Cosmos Broadcasting Corp.*, 746 F.2d 251, 252 (5th Cir. 1984) ("Since Gansar terminated her employment with Gaylord on September 30, 1983, Gaylord's right to enforce specifically the covenant not to compete ceased as of September 30, 1984, one year after Gansar's employment with Gaylord ended."); *id.* at 253 n. 2 (rejecting equitable extension after the expiration of a noncompete term, "consistent with the rationale offered in every case addressing this issue which this Court has discovered") (collecting cases).

## CONCLUSION

The fact that Appellants asked the trial court to equitably extend Levinson's restrictive covenant has no bearing on the mootness of their appeal. As this Court correctly held in its January 14, 2015 Memorandum Opinion and Order, Appellants' appeal is moot because Levinson's restrictive covenants expired even before this appeal was filed. Appellants' Motion for Rehearing should therefore be denied.

-10-

Respectfully submitted,

/s/ Julia W. Mann_____

Lawrence Morales, II
State Bar No. 24051077
The Morales Law Firm, P.C.
115 E. Travis, Suite 1530
San Antonio, Texas 78205
(210) 225-0811
(210) 501-0786 – Fax
lawrence@themoralesfirm.com

Attorney for Louis D. Levinson

Julia W. Mann
State Bar No. 00791171
Jackson Walker L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205
(210) 978-7700
(210) 978-7790 – Fax
jmann@jw.com

Anthony Herman
*Pro Hac Vice*
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5280
(202) 778-5280 – Fax
aherman@cov.com

Attorneys for Appellees International
Financial Group, Inc., Guilford
Specialty Group, Inc., Guilford
Insurance Company, and The
Burlington Insurance Company

-11-

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this document contains 2,666 words (counting all parts of the document). The body text is in 14 point font and footnotes are in 14 point font.

/s/ Julia W. Mann
Julia W. Mann

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of March, 2015, a true and correct copy of the RESPONSE TO APPELLANTS' MOTION FOR REHEARING was served certified mail, return receipt requested, email or facsimile, upon:

Jonathan D. Pauerstein
Stephen K. Lecholop II
Rosenthal Pauerstein
Sandoloski Agather LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
(210) 225-5000
(210) 354-4034 – Fax
**ATTORNEY FOR APPELLANTS**

Steven L. Manchel
Michael G. Donovan
100 River Ridge Drive, Suite 308
Norwood, Massachusetts 02062
(617) 796-8920
(617) 796-8921 – Fax
**OF COUNSEL FOR APPELLANTS**

/s/ Julia W. Mann
Julia W. Mann

12351783v.1 145360/00001